NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI SHAHROKHI, | No. 21-16171 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02346-GMN-VCF |
| v. | |
| JEROME T. TAO; BONNIE BULLA; MICHAEL P. GIBBONS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted August 17, 2022[**]

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Ali Shahrokhi appeals from the district court's judgment dismissing his 42

U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) and based on absolute immunity. *Milstein*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). We affirm.

The district court properly dismissed Shahrokhi's action as barred by judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *see also Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts.").

**AFFIRMED.**

21-16171